## Hollenback's Estate.

W. W. Kohler, for petitioner; C. H. Horton, for guardian.

SANDO, P. J.—This petition is presented by H. F. Snowden, undertaker, praying for citation directed to Armene Myers, guardian of the minor, to show cause why she should not, as guardian, pay the funeral expenses of the minor's father, amounting to $511, from the estate of the minor.

The guardian has demurred to the petition, setting up various grounds of demurrer, which we do not deem necessary to consider in detail. It is sufficient to consider the question of the jurisdiction of this court and its authority to make the order prayed for, as in the instant case.

It will be observed that this is not the usual case of guardian in possession of the estate of the minor, praying authority under the provisions of the Fiduciaries Act of June 7, 1917, § 59 *(i)*, P. L. 447, to expend for the "support and education" of the minor an allowance to be fixed by the court. On the contrary, it is the unusual application of a creditor of the estate of the

minor's deceased father for the allowance out of the estate of the minor for the purpose of paying the deceased parent's funeral expenses.

The petition avers, *inter alia*, that he was informed that there was a policy of insurance on the life of Clarence Hollenback, father of the minor, which policy was given to a relative, directing him, in case of death, to collect, and from the proceeds of which was to be paid his funeral expenses and expenses of his last illness, and the surplus to be given to Helen A. Hollenback, his minor daughter; that Clarence Hollenback left no estate other than this policy of insurance; that in accordance with the request of Walter Hollenback, a brother, the petitioner conducted the funeral of Clarence Hollenback at an expense of $511.

On Feb. 10, 1927, on the petition of Helen A. Hollenback, born May 19, 1919, Armene Myers was appointed guardian of her estate, which, according to the petition, amounts to $1000. No inventory of the minor's estate has been filed.

In Van Ness' Estate, 66 Pitts. L. J. 814, the court ordered payment for the funeral of an indigent father from the estate of the minor, which estate consisted of insurance on the father's life, and based its conclusions on "common decency."

The court must not yield to personal views or feelings, however persuasive, but must obey the mandate of the law.

The principles of action which are sanctioned by the statute would not justify the allowance here asked for: Hunter's Estate, 8 D. & C. 533; Carroll's Estate, 26 Dist. R. 1058; Kehoe Minors, 10 Schuyl. Legal Rec. 142.

And now, Sept. 23, 1927, the demurrer is sustained.

From William A. Wilcox, Scranton, Pa.